**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL MAZZOCCHI**<br>**9 Vicar Lane**<br>**Levittown, PA 19054**<br>**Plaintiff,**<br><br>**vs.**<br><br>**BUCKS COUNTY**<br>**DEPARTMENT OF CORRECTIONS**<br>**1730 S. Easton Road**<br>**Doylestown, PA 18901**<br>**and**<br>**COUNTY OF BUCKS**<br>**55 East Court Street**<br>**Doylestown, PA 18901**<br>**and**<br>**LAUREN SMITH**<br>**55 East Court Street**<br>**Doylestown, PA 18901**<br>**Defendant.** | **Civil Case No.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Daniel Mazzocchi hereby files this original Complaint against the Bucks County Department of Corrections, the County of Bucks, and Lauren Smith and alleges, upon information and belief, as follows:

**THE PARTIES**

1. Plaintiff Daniel Mazzocchi ("Mazzocchi" or "Plaintiff"), is an adult citizen of the Commonwealth of Pennsylvania with an address of 9 Vicar Lane, Levittown, Bucks County, Pennsylvania 19054.

2. Defendant Bucks County Department of Corrections ("Corrections" or "Defendant(s)") is a criminal justice agency operating in Bucks County, Pennsylvania with an address of 1730 S. Easton Road, Doylestown, Pennsylvania 18901.

3. Defendant County of Bucks ("Bucks" or "Defendant(s)") is a municipal corporation organized and operating under the laws of the Commonwealth of Pennsylvania and a home-rule county with an address of 55 East Court Street, Doylestown, Bucks County, Pennsylvania 18901.

4. Defendant, Lauren Smith ("Smith" or "Defendant(s)"), is the Human Resource Director for the County of Bucks with an address of 55 East Court Street, Doylestown, Bucks County, Pennsylvania 18901. At all times relevant to this Complaint, Lauren Smith was acting under color of state law.

## NATURE OF THE ACTION

5. This is a civil action against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff's civil rights in wrongfully terminating his employment.

## JURISDICTION AND VENUE

6. This action arises under the laws of the United States, Title 42 of the United States Code. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1331

7. This Court has personal jurisdiction over this matter because all of Defendants' actions toward Plaintiff giving rise to this action occurred in the Eastern District of Pennsylvania.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c). As noted above, all parties to this action reside and/or are situated in this District and all conduct of Defendants giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

9. Plaintiff, Daniel Mazzocchi, began his employment with the County of Bucks, and specifically the Bucks County Department of Prisons, in the Spring of 2000 and was terminated by Defendants on July 21, 2022.

10. During his 20-plus years of employment with Defendants, Mr. Mazzocchi who began as a Kitchen Officer, was promoted to Sergeant of Kitchen (2013), Lieutenant (2018) and Administrative Lieutenant (2020).

11. In his position as Administrative Lieutenant, Mr. Mazzocchi was responsible for scheduling of prison guards, among other things.

12. At no time during his 20-plus years of employment had Defendants completed any evaluations of Mr. Mazzocchi's job performance.

13. At no time during his 20-plus years of employment, prior to his termination on July 21, 2022, had Defendants ever imposed upon Mr. Mazzocchi any type of discipline whatsoever.

14. Immediately prior to the series of events that resulted in his termination, Mr. Mazzocchi had been away on a scheduled, and supervisor approved, vacation from Friday July 8, 2022 – Friday July 15, 2022.

15. During his vacation, Mr. Mazzocchi received a telephone call from a supervisor, Dave Kratz, stating there is "an issue and that he (Plaintiff) should report to HR when you get back on [Monday] July 18, 2022."

16. Upon receiving the call from Mr. Kratz, Mr. Mazzocchi attempted to access his email and voicemail to ascertain what the "issue" may be that required him to report to HR on the first day he returns from a scheduled vacation. He discovered that he no longer had access to his employer-provided phone, his employer-provided tablet nor his employer-provided email.

17. Unbeknownst to Mr. Mazzocchi, because he was still away on his approved vacation, Defendant Smith, the Human Resource Director for Defendant Bucks, had drafted a "Notice of Fact-Finding Meeting", dated July 14, 2022, instructing Mr. Mazzocchi to attend said meeting on Monday July 18, 2022 at 2:30 p.m. at Defendant Bucks, Administrative Building. (See Notice of Fact-Finding Meeting, dated July 14, 2022, attached hereto as Exhibit "A").

18. On July 18, 2022, Mr. Mazzocchi reported to Defendant Bucks, Administrative Building and the office of Defendant Smith at the scheduled time where he was met by Ms. Smith, Emily Diccico and two of his supervisors, Dave Kratz and James Coyne.

19. At the meeting, Mr. Mazzocchi was questioned about alleged complaints of a bullying and harassing nature toward subordinates.

20. Without having the ability to know of specific complaints, nor time to assemble exculpatory evidence or witnesses due to the seemingly intentional effort by Defendants to provide effectively no advance notice to him, Mr. Mazzocchi responded to the various complaints by either denying them outright or providing context to the allegations.

21. On July 21, 2022, less than 3 days following the "Fact-Finding Meeting", Mr. Mazzocchi was terminated by Defendants, effective immediately. (See Letter from Lauren Smith, dated July 21, 2022, attached hereto as Exhibit "B").

22. On advice of counsel, Mr. Mazzocchi subsequently sought to appeal/grieve his termination, but said request was denied by Defendants as untimely.

23. However, Defendants had failed to inform Mr. Mazzocchi of any such appeal/grievance rights at the time of termination and since Mr. Mazzocchi's access to employment-related information had been discontinued <u>prior</u> to his termination, he was unable to access the employee handbook.

**COUNT I –**
**<u>VIOLATION OF FOURTEENTH AMENDMENT OF U.S. CONSTITUTION</u>**

24. All preceding paragraphs are incorporated herein as though fully set forth at length.

25. At all times relevant to the Complaint, Plaintiff, Daniel Mazzocchi, was a public sector employee.

26. As a public sector employee, Mr. Mazzocchi worked for Defendant, Bucks County Department of Corrections, which is an agency of Defendant, County of Bucks, a Pennsylvania municipal corporation.

27. In terminating Mr. Mazzocchi, all of the Defendants acted under the authority or color of state law and deprived him the rights, privileges, or immunities secured by the Constitution or laws of the United States.

28. Specifically, Defendants failed to afford Mr. Mazzocchi the procedural due process owed him under the Fourteenth Amendment of the U.S. Constitution, thereby depriving him of his right in employment.

29. Defendants' actions were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff in losing his job. Accordingly, restitution for his lost compensation and reinstatement of his employment is hereby demanded.

**COUNT II –**
**VIOLATION OF FIRST AMENDMENT OF U.S. CONSTITUTION**

30. All preceding paragraphs are incorporated herein as though fully set forth at length.

31. It is believed and therefore averred that Defendants actions in terminating Mr. Mazzocchi relied upon a belief that he engaged in, inter alia, colorful language in the workplace.

32. However, Mr. Mazzocchi's language and actions in the workplace were of the exact same nature as many of his co-workers; all of which had become customary and accepted by Defendants.

33. Defendants' use of termination as the discipline for comments made by Mr. Mazzocchi violated his First Amendment rights. Accordingly, restitution for his lost compensation and reinstatement of his employment is hereby demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daniel Mazzocchi prays for the following relief:

A. Judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorneys' fees pursuant to 42 U.S.C. §1988 against all Defendants;

B. Reinstatement of Plaintiff to his previous position and pay with Defendant Bucks County Department of Corrections; or alternatively punitive damages in an amount to be determined at trial for his loss of long-term employment;

C. A jury trial on all issues;

D. An award of costs and expenses against Defendants;

E. Any and all other relief this Court may deem appropriate.

Daniel J. Mazzocchi